IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 5, 2008

Charles R. Fulbruge III
Clerk

No. 07-20033

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LEE DEWAN COLLINS, also known as "Buddha"

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:96-CR-209-1

Before JONES, Chief Judge, and DAVIS and GARZA, Circuit Judges.

PER CURIAM:[*]

Lee Dewan Collins appeals the revocation of his supervised release following his conviction for possession with intent to distribute more than five grams of cocaine base. We affirm the district court's revocation.

In 1996, Collins was charged with both federal and state drug offenses arising from his possession of cocaine. Collins pled guilty to the Texas state charges and received a deferred adjudication of guilt and seven years' probation.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Collins also pled guilty to the federal charge and received 30 months' imprisonment, a $5,000 fine, and five years' supervised release. Collins's supervised release began in October 1998.

In June 1999, Collins gave a statement to state officials detailing his involvement in a carjacking and homicide that had occurred in May of that year. Based on this conduct during Collins's probation, the state sought to have him adjudicated guilty of the 1996 drug offense. After a hearing, the state court admitted Collins's statement into evidence and found that he had committed aggravated robbery. This constituted a violation of his probation, and Collins was adjudicated guilty of the 1996 offense and sentenced to a term in prison.

Also in June 1999, the federal government moved to revoke Collins's supervised release on the 1996 offense, based on his commission of aggravated robbery, his failure to submit a complete and truthful report to his probation officer, and his association with a person with a prior criminal record or a person engaged in criminal activity. All of these reasons were related to Collins's involvement in the May 1999 carjacking.

Due to Collins's incarceration on state charges, his federal revocation proceeding was deferred until December 2006. After holding hearings and accepting submissions from the parties, the district court found, by a preponderance of the evidence, that Collins had committed aggravated robbery in violation of the terms of his supervised release. See 18 U.S.C. § 3583(e)(3). This finding was based upon records from the state court probation proceedings, including Collins's statement and the judgment finding that Collins had committed aggravated robbery. Collins did not challenge the authenticity of the state court documents, but only their admissibility, claiming the district court's reliance on state court records denied him his right of confrontation.

As an initial matter, the Government argues that the waiver of appeal provision in Collins's original plea agreement bars consideration of this appeal.

2

We pretermit discussion of the waiver issue because Collins is not entitled to relief on the merits.

Under Morrissey v. Brewer, 408 U.S. 471, 489 (1972), a person facing revocation of supervised release has a limited due process right to confront adverse witnesses "unless the hearing officer specifically finds good cause for not allowing confrontation." See also Fed. R. Crim. P. 32.1(b)(1)(B)(iii) (restating Morrissey's limited confrontation right for federal revocation proceedings). Citing this standard, the district court expressly found good cause for not requiring witnesses to appear: Morrissey provides that a revocation hearing cannot be used to "relitigate issues determined against [a defendant] in other forums, as in the situation presented where the revocation is based on conviction of another crime." 408 U.S. at 490.

During Collins's state revocation proceedings, the court conducted a full evidentiary hearing and found that Collins had committed aggravated robbery. The fact that Collins was not convicted of armed robbery is not controlling in a revocation proceeding. See U.S.S.G. § 7B1.1 cmt n.1 ("A violation of this condition may be charged whether or not the defendant has been the subject of a separate federal, state, or local prosecution for such conduct."). The state court record is sufficient to establish, by a preponderance of the evidence, that Collins committed the robbery in question. His efforts to challenge that finding in the federal revocation proceedings are an impermissible attempt to relitigate issues decided against him in another forum. The decision of the district court was not in error, and the revocation of Collins's supervised release is AFFIRMED.